IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) | CR. NO. 2:04cr214-WHA-04 |
| | | (WO) |
| ANCELMO GOMEZ, JR. | ) | |

### ORDER

This case is before the court on a CJA-20 voucher, containing a claim for services and expenses, the attorney's certification being dated 11/16/04.  This document was received by the court with a letter from Ms. Kelim dated March 10, 2008 which stated: "Attached please find a copy of my CJA-20 and all attachments as previously submitted in this case."  While the attorney's certification is dated 11/16/04, and Ms. Kelim's letter stated that this was a copy of what had previously been submitted in this case, the records of the court show no such submission before the letter of March 10, 2008.

On June 2, 2008, the court entered an order (Doc. #379) pointing out that no claim for an attorney's fee had previously been filed, that the Guide to Judiciary Policies and Procedures, Volume VII, Section A, Chapter 2, Part C, 2.21 requires that vouchers be submitted no later than 45 days after the final disposition of the case, unless good cause is shown, and giving Ms. Kelim until June 12, 2008 to show cause by sworn affidavit why the court should not deny her claim as being untimely filed.  Although the order noted that this claim was filed nearly three years after the case was closed on March 23, 2005, the court notes further that it was filed over three years after Ms. Kelim moved to withdraw (Doc. #80) on December 23, 2004.

After being granted a brief extension of time, Ms. Kelim filed her response, with affidavit attached, on June 16, 2008. Although the CJA voucher which was submitted was dated 11/16/04, and although Ms. Kelim's letter of March 10, 2008 stated that it was a copy of a form previously submitted in this case, Ms. Kelim's affidavit includes no such contention. Therefore, the court finds that this claim for an attorney's fee for services which ended on November 16, 2004, was not filed with the court until March 10, 2008.

It is essential to the efficient operation of the system which allows payment of federal funds to private attorneys appointed to represent indigent defendants that attorneys who seek and accept such appointments, with the expectation of payment, submit their vouchers claiming such payment in a timely manner. Budgeting and the availability of funds to cover fees for appointed lawyers would be completely unworkable if lawyers were allowed to claim and receive payments years after cases are closed. It is for that reason that a deadline of 45 days after the final disposition of a case is set for the submission of such vouchers, in the absence of good cause being shown for doing otherwise. Lawyers who seek and accept such appointments, as Ms. Kelim did, are, therefore, expected to help with the efficient operation of the system, rather than to hinder it. Good cause for late filings must contemplate unusual circumstances, and not lack of diligence on the part of the attorney, for short delays and truly extreme circumstances to justify a delay as lengthy as that in this case.

After a careful examination of the entire file in this case, and of Ms. Kelim's affidavit, the court finds no good cause to justify the lengthy delay in the filing of this claim for an attorney's fee and, therefore, it is hereby

ORDERED that the claim for attorney's fees contained in the CJA-20 voucher filed by Kyla Groff Kelim on March 10, 2008, is DENIED.

DONE this 3rd day of July, 2008.

          /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE